UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BOBBIE JACKSON, IV, "JOB,"

Plaintiff,

v. Case No. 3:26-cv-1390-JEP-PDB

JAMES UTHMEIER, et al.,

Defendants.

---

**ORDER**

Plaintiff Bobbie Jackson, IV, "Job," an inmate of the Florida Department of Corrections ("**FDOC**"), is proceeding on a pro se Complaint for Violation of Civil Rights ("**Complaint**," Doc. 1). Plaintiff sues Florida Attorney General James Uthmeier, Assistant Attorney General Holly N. Simcox, and FDOC Secretary Ricky D. Dixon, in their individual and official capacities. (*Id.*). Plaintiff appears to allege that since May 17, 2022, he has been falsely imprisoned without due process or compensation. (*Id.* at 4–7). Plaintiff seeks millions of dollars in damages from each Defendant. (*Id.* at 6–7).

The Prison Litigation Reform Act requires the Court to dismiss an action at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §

1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), and, therefore, courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Construing Plaintiff's allegations liberally,[1] the Complaint must be dismissed for failure to state a claim as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).[2] In *Heck*, the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not*

---

[1] In assessing a pro se party's pleadings, the court must read the allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

[2] Previously, the Court dismissed Plaintiff's earlier case on the same basis and advised Plaintiff that challenges to the constitutionality of his conviction or sentence should be presented in a habeas corpus action filed under 28 U.S.C. § 2254. (*See* Doc. 6 in No. 3:25-cv-68-MMH-SJH).

> been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486–87 (emphasis in original; footnote omitted). Here, Plaintiff does not allege that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* As such, Plaintiff's claim is not cognizable under § 1983, and will be dismissed without prejudice.[3]

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Complaint (Doc. 1) is **DISMISSED without prejudice**.

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 25th day of September, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

[3] In light of this conclusion, the Court does not address any other bases for dismissal, such as Eleventh Amendment immunity.

Jax-11
c:
Bobbie Jackson, IV, #J50037